IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 1 0 2009

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| MARY ESCOBEDO, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. B-09-123 |
| | § |
| MARMAXX OPERATING CORP. d/b/a | § |
| Marshalls, | § |
| | § |
| Defendant. | § |

## OPINION & ORDER

BE IT REMEMBERED that on June 10, 2009, the Court **DENIED** Plaintiff Mary Escobedo's Opposed Motion to Remand, Dkt. No. 5. The Court considered Plaintiff Mary Escobedo's Opposed Motion to Remand, Dkt. No. 5, and Defendant's Response to Plaintiff's Motion to Remand, Dkt. No. 7.

I.  **Background**

On April 9, 2009, Plaintiff Mary Escobedo ("Escobedo"), an individual residing in Texas, filed a premises liability suit in the 107th Judicial District Court of Cameron County, Texas against Defendant Marmaxx Operating Corp. doing business as Marshalls ("Marmaxx"), a corporation incorporated in Delaware. Dkt. No. 1, Ex. at 2-6. Marmaxx removed the case to federal court on May 12, 2009. Dkt. No. 1. In its Notice of Removal, Marmaxx asserted that Escobedo sought more than seventy-five thousand dollars ($75,000.00) in damages as she requested damages "within jurisdictional limits of [the state court]" and her settlement demand was one hundred thousand dollars ($100,000.00). Dkt. No. 1, at 2 (quoting Dkt. No. 1, Ex. 1 at 6).

Escobedo alleges in her Petition that on August 23, 2008, when she was eight months pregnant, she injured her lower back, hands, and knees when she slipped on water

and mud in Marmaxx's store in Harlingen, Texas. Dkt. No. 1, Ex. 1 at 3. Escobedo alleges that Marmaxx negligently maintained its premises and failed to exercise ordinary care in maintaining the store and warning customers of the hazard. *Id.* at 3-4. Escobedo seeks damages for past and future medical expenses, pain and suffering, and mental anguish. *Id.* at 5.

Escobedo moves for remand because she is not seeking judgment in excess of the requisite amount in controversy for diversity jurisdiction, seventy-fine thousand dollars ($75,000). Dkt. No. 5, at 1. She states that although she "made a pre-petition demand for $100,000.00, the purpose of the demand was to elicit a counteroffer and hopefully a settlement." *Id.* Escobedo explains that she is still undergoing treatment and therefore cannot stipulate, as requested by Marmaxx, that she would not seek in excess of seventy-fine thousand dollars ($75,000) in case she is required to undergo unforeseen treatment. *Id.* at 1-2. However, she contends that at this time it is foreseeable that she damages will be less than seventy-fine thousand dollars ($75,000). *Id.* at 2.

In response to the Motion to Remand, Marmaxx argues that it has satisfied its burden of persuasion and established that the amount in controversy exceeds seventy-fine thousand dollars ($75,000) based on Escobedo's Petition and pre-petition demand letter. Dkt. No. 7, at 3.

## II.   Discussion

This Court has diversity jurisdiction where the case involves citizens of different states and the alleged damage exceeds $75,000 in value, exclusive of interest and costs. 28 U.S.C. § 1332. For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and the state in which it maintains its principal place of business. *Id.* at § 1332(c)(1). This diversity of citizenship must be complete — meaning that the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See* Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Mas v. Perry, 489 F.2d 1396, 1398–99 (5th Cir. 1974)). Defendant, as the removing party, bears the burden of establishing adequately that federal subject

matter jurisdiction exists. Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775-75 (5th Cir. 1986). Remand is appropriate where the defendant fails to meet that burden.

"[W]ith few exceptions, diversity jurisdiction is determined at the time an action is filed; an amendment to the complaint or stipulation reducing the amount in controversy does *not* divest a federal court of such jurisdiction." Anderson v. Dow Chemica, Co., 255 Fed. Appx. 1, 3 (5th Cir. 2007) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938) and Hensgens v. Deere & Co., 833 F.2d 1179, 1181 (5th Cir. 1987)). *See also* Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."). Where the complaint is ambiguous as to the amount in controversy, post-removal affidavits may be considered in determining the amount in controversy. *Gebbia*, 233 F.3d at 883. Should a defendant meet its burden of persuasion that the amount in controversy exceeds $75,000.00, a party seeking remand or dismissal must establish with legal certainty that the amount in controversy is less that the jurisdictional amount. St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

Marmaxx argues that at the time of removal the amount in controversy was in excess of seventy-five thousand dollars ($75,000.00). Dkt. No. 7, at 3. On March 20, 2009, Escobedo's counsel, William D. Bonilla, sent a pre-suit demand letter to the Zurich American Insurance Company regarding Escobedo's August 2008 fall in Marmaxx's Harlingen store. Dkt. No. 1, Ex. 3. The letter stated that Escobedo's current medical bills totaled twenty-seven thousand eight hundred eighty-five dollars and eighty cents ($27,885.80) and that "a fair value on this case will be $100,000.00." *Id.* at 1. Escobedo's Petition requests damages for past and future medical expenses, pain and suffering, and mental anguish but fails to allege any amount for any category of damage. Dkt. No. 1, Ex. 1, at 5. This Court determines that the Petition is sufficiently ambiguous as to the amount in controversy and will therefore consider the pre-suit demand letter. *See St. Paul Reins. Co., Ltd.*, 134 F.3d at 1253 (considering a pre-suit demand letter to establish the amount in controversy in a declaratory judgment suit); Watson v. Provident Life & Acc. Ins. Co., slip

op. No. 3:08-cv-2065-G, 2009 WL 1437823, at *2 (N.D. Tex. May 22, 2009) (considering a pre-suit demand letter to establish the amount in controversy where the complaint does not specify the amount of damages sought); Lozano v. Schoellerman, slip op., No. H-08-3069, 2009 WL 211080, at *2 (S.D. Tex. Jan. 28, 2009) (stating that in the removal context where the state court petition fails to state the amount of damages sought, a court may consider other evidence "in so much as they shed light upon the amount in controversy at the time of removal"); Molina v. Wal-Mart Stores Texas, L.P., 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008) (relying on solely the pre-suit demand letter to establish the requisite amount in controversy as the plaintiff's petition failed to request a numerical amount of damages).

     The pre-suit demand letter states that as a result of Escobedo's fall she "sustained injuries to both knees, both hands and a possible broken tailbone." Dkt. No. 1, Ex. 3 at 1. As of March 20, 2009 she had incurred twenty-seven thousand eight hundred eighty-five dollars and eighty cents ($27,885.80) in medical expenses. *Id.* However, the March 2009 pre-suit letter estimates that the value of the case, the amount in controversy is one hundred thousand dollars ($100,000.00). *Id.* Escobedo's counsel sent Marmaxx a second settlement letter, which demanded only seventy-fine thousand dollars ($75,000). Dkt. No. 7, at 2; Dkt. No. 7, Ex. 2. The letter, dated May 8, 2009, stated that in the future the case may be worth more than the requisite amount in controversy, but Escobedo was at that time willing to settle the case for seventy-fine thousand dollars ($75,000). Dkt. No. 7, Ex. 2. Essentially both letters assert that either the case is or could be valued in excess of the jurisdictional amount. Therefore, the Court concludes that Marmaxx has satisfied its burden of persuasion that the amount in controversy exceeds seventy-fine thousand dollars ($75,000). Escobedo has failed to establish with legal certainty that the amount in controversy is less than the jurisdictional amount.

## III. Conclusion

WHEREFORE, this Court **DENIES** Plaintiff Mary Escobedo's Motion to Remand, Dkt. No. 5.

DONE at Brownsville, Texas, on June 10, 2009.

Hilda G. Tagle
United States District Judge